FIRST JUDICIAL DISTRICT OF MONMOUTH COUNTY.

EDNA JOHNSTON, PLAINTIFF, v. BLANCHE D. PAYN, ISADORE B. GLASS AND FREDERICK SMITH, DEFENDANTS.

For the plaintiff, *David Goldstein.*

For the defendants, *Anschelewitz, Frankel & Barr.*

KREMER, J. This is a suit in replevin and now comes before the court on a motion by the defendant to vacate an order granting to the defendant the right to examine the plaintiff before trial. The plaintiff claims that section 144 of the Practice act (4 *Comp. Stat., p.* 4098), which provides in substance for the examination of any party to an action before trial, is not applicable to the District Court.

The District Court act is silent as to the practice of examination before trial. Certain statutory provisions have been enacted relating to procedure before trial in a District Court action. It is provided by section 61-b of the act that a plaintiff in an action on contract where the matter in dispute, as shown by the summons, is over the sum of $300, may by endorsement upon the state of demand of proper notice to the defendant, compel the filing of written specification of defenses.

Again section 54-b of the District Court act provides that in any action in a District Court wherein the thing or matter in dispute as shown by the summons is of the value of $300 or over, either party may, by leave of the court, serve on the adverse party written interrogatories upon any matter material to the issue.

There is also a section of the District Court act (section 68) which provides that—

"The practice of the *Circuit Courts* in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some provision of law providing otherwise."

I am of the opinion that the reasoning adopted by our Supreme Court in the case of *Kienzle* v. *Gardner, 73 N. J. L.* 258, points to the conclusion that no examination before trial under section 144 of the Practice act above referred to is permissible in a District Court. The case of *Kienzle* v. *Gardner, supra,* had to do with the necessity for depositing security for costs by a non-resident. Section 204 of the Practice act (3 *Comp. Stat., p.* 4115; *Pamph. L.* 1903, *p.* 590) provides that—

"If the plaintiff reside within this state he shall, if required at any time before notice of trial, give bond to the defendant in $100 with sufficient sureties resident in this state, with condition to prosecute his action with effect * * * &c."

On the question whether this section was applicable to a suit in the District Court, our Supreme Court said:

"In the Circuit Courts, the practice respecting security for costs is regulated by sections 204, 205 and 206 of the Practice act. These sections prescribe that such security must be demanded by the defendant before notice of trial and that after he receives notice of the filing of security he shall have the same time to plead as he had when he demanded it. These provisions are inapplicable to the District Courts, where no notice of trial is given except by the process issuing at the beginning of the suit, or by regular adjournments, and where usually no pleading on behalf of the defendant is necessary."

The opinion of the court was grounded upon the fact that in the District Court there is no notice required such as is the practice in the Circuit Courts.

Section 144, providing for examination of an adverse party before trial contains, in part, the following language:

"Any party to an action may by order of the court or a judge, be examined as a witness at the instance of the adverse party, or of any one of several adverse parties, after issue joined and before trial; * * *"

The words "after issue joined" indicate that this clause is not applicable to the District Court, for the reason that issue is not joined in a District Court proceeding in the

sense contemplated by the statute. In a proceeding in the Circuit Court an answer and reply are filed, thus joining issue. After this has been done the examination before trial is provided for. In a District Court proceeding there are no formal pleadings to the state of demand. No answer is required and consequently no reply need be filed. It might be said that issue is joined in a District Court case when the defendant appears and announces his intention to contest the suit. In this event, however, the suit proceeds to trial, oftentimes on the return day of the summons. Such a procedure excludes the view that an examination before trial could be had in a District Court cause. The plaintiff may indicate on the summons his intention to proceed with the trial on the return date and if he does so, the defendant may be compelled to proceed without further delay. Section 61-a, District Court act.

In other words, the statute empowers the plaintiff to give notice to his adversary that the suit will be disposed of on the return day of the summons and up until the return day the plaintiff has no means of knowing whether there is to be a contest or whether the judgment is to go by default. In view of the fact that section 144 of the Practice act relating to examination before trial specifies that this examination cannot be had until after issue joined, its inapplicability to a District Court will readily be seen. Certainly, it would be inconsistent to provide that the plaintiff may proceed on the first return day, up until which time issue cannot be joined even by the appearance of the defendant, and to provide at the same time that either of the parties may examine his adversary before trial and after issue joined. It becomes apparent, therefore, that the legislative intent was to provide the specification of defenses and interrogatories as the sole means of procuring such information as is properly obtainable before the trial itself, and that the section having to do with examination before trial is not applicable to District Courts.

The order will therefore be vacated.